UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA

JENNIFER BENCIK, ) Case No.:
) 8:18-cv-3020T30CPT
Plaintiff, )
v. )
)
KOHL'S DEPARTMENT STORES, INC., ) JURY TRIAL DEMANDED
)
Defendant. )
_____ )

FILED 2018 DEC 14 PM 12:02

## COMPLAINT

JENNIFER BENCIK ("Plaintiff"), by and through her attorneys, KIMMEL & SILVERMAN, P.C., alleges the following against KOHL'S DEPARTMENT STORES, INC. ("DEFENDANT"):

### INTRODUCTION

1. Plaintiff's Complaint is based on the Telephone Consumer Protection Act, 47 U.S.C. §227 *et seq.* ("TCPA").

### JURISDICTION AND VENUE

2. Jurisdiction of this Court arises under 28 U.S.C. § 1331, and for pendant state law claims 28 U.S.C. § 1367. See Mims v. Arrow Fin. Services, LLC, 132 S. Ct. 740, 747, 181 L. Ed. 2d 881 (2012).

3. Defendant regularly conducts business in the State of Florida, thus, personal jurisdiction is established.

4. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2).

## PARTIES

5. Plaintiff is a natural person residing in Hudson, Florida 34669.

6. Plaintiff is a "person" as that term is defined by 47 U.S.C. §153(39).

7. Defendant is a corporation with its headquarters located at N56w17000 Ridgewood Drive, Menomonee Falls, Wisconsin 53051.

8. Defendant is a "person" as that term is defined by 47 U.S.C. § 153(39).

9. As part of its regular business, Defendant attempts to collect debts from natural persons for amounts owed on Kohl's accounts.

10. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

11. Plaintiff has a cellular telephone number that she has had for at least two years.

12. Plaintiff has only used her phone number as a cellular telephone number.

13. Beginning in or about early 2015 and continuing through 2016, Defendant called Plaintiff on a continuous basis, typically calling multiple times per week.

14. Defendant used an automatic telephone dialing system, automated message and/or prerecorded voice when contacting Plaintiff.

15. Plaintiff knew that Defendant was using an automatic telephone dialing system, automated message and/or prerecorded voice because when she answered calls she would be greeted by a noticeable pause or delay prior to speaking to one of Defendant's agents.

16. Defendant's telephone calls were not made for "emergency purposes."

-2-

PLAINTIFF'S COMPLAINT

17. Shortly after the commencement of Defendant's calls in or around early 2015, Plaintiff spoke with Defendant's agents to advise to advise them that she no longer wished to be contacted on her cellular telephone and requested that all calls stop.

18. Once Defendant was aware that its calls were unwanted and had been told to stop, there was no lawful purpose to continue making further calls, nor was there any good faith reason to place additional calls.

19. Despite Plaintiff's revocation of consent coupled with her multiple demands to cease and desist all further telecommunications, Defendant failed to update its records to restrict telephone calls to Plaintiff's cellular telephone and continued to call Plaintiff an excessive number of times.

20. Plaintiff found Defendant's repeated automated calls to be invasive, harassing, frustrating, annoying, aggravating, and upsetting, so she decided to download a blocking application onto her cellular telephone.

## COUNT I
## DEFENDANT VIOLATED THE
## TELEPHONE CONSUMER PROTECTION ACT

21. Plaintiff incorporates the forgoing paragraphs as though the same were set forth at length herein.

22. Defendant initiated multiple automated telephone calls to Plaintiff's cellular telephone number.

23. Defendant initiated calls to Plaintiff's cellular telephone using a pre-recorded or artificial voice.

24. Defendant initiated automated calls to Plaintiff using an automatic telephone dialing system.

25. Defendant's calls were to Plaintiff were not made for "emergency purposes."

26. After Plaintiff revoked consent to be called in or about early 2015, Defendant knew or should have known that it did not have consent to call and/or that any consent it thought it had was revoked and all further calls placed thereafter were made without Plaintiff's prior express consent.

27. Defendant's acts as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law and with the purpose of harassing Plaintiff.

28. The acts and/or omissions of Defendant were done unfairly, unlawfully, intentionally, deceptively and fraudulently and absent bona fide error, lawful right, legal defense, legal justification or legal excuse.

29. As a result of the above violations of the TCPA, Plaintiff has suffered the losses and damages as set forth above entitling Plaintiff to an award of statutory, actual and treble damages.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, JENNIFER BENCIK, respectfully prays for a judgment as follows:

    a.    The greater of all actual damages suffered pursuant to 47 U.S.C. § 227(b)(3)(A);

    b.    Statutory damages of $500.00 per violative telephone call pursuant to 47 U.S.C. § 227(b)(3)(B);

    c.    Treble damages of $1,500.00 per violative telephone call pursuant to 47 U.S.C. §227(b)(3);

    d.    Injunctive relief pursuant to 47 U.S.C. § 227(b)(3); and

e.   Any other relief deemed appropriate by this Honorable Court.

**DEMAND FOR JURY TRIAL**

PLEASE TAKE NOTICE that Plaintiff, JENNIFER BENCIK, demands a jury trial in this case.

RESPECTFULLY SUBMITTED,

Dated: December 13, 2018

By: /s/ *Amy L. Bennecoff Ginsburg*
Amy L. Bennecoff Ginsburg, Esq.
Kimmel & Silverman, P.C.
30 East Butler Pike
Ambler, PA 19002
Phone: (215) 540-8888
Facsimile: (877) 788-2864
Email: aginsburg@creditlaw.com

- 5 -

PLAINTIFF'S COMPLAINT